UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

AUGUSTO A. PADILLA

     Plaintiff,

v.

JONES LANG LASALLE AMERICAS, INC.

     Defendant,

_____/

## **COMPLAINT**

The Plaintiff AUGUSTO A. PADILLA by and through undersigned counsel, hereby sues Defendant JONES LANG LASALLE AMERICAS, INC., on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff AUGUSTO A. PADILLA, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done to him by the Defendant's discriminatory treatment on the basis of his Religion.

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

<u>PARTIES</u>

6. Plaintiff AUGUSTO A. PADILLA is a resident of Broward County, who was employed by Defendant and is a member of certain protected classes of persons.

7. Corporate Defendant, JONES LANG LASALLE AMERICAS, INC. (hereinafter, "JLL", or Defendant), is a Foreign Profit Corporation authorized to conduct business in the State of Florida, in Miami-Dade County, Florida, and within the jurisdiction of this Court.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce who has more than 15 employees, for each working day in each of 20 or more calendar weeks at all relevant times, as required by Section 701 (b), (g), and (h) of Title VII, 42 U.S.C. §2000e (b), (g), and (h).

<u>PROCEDURAL REQUIREMENTS</u>

9. All conditions precedent for this action has been fulfilled. On or about October 01, 2019, Plaintiff AUGUSTO A. PADILLA dual-filed his Charge of Discrimination with the EEOC, and also with the Florida Commission on Human Relations, within 300

days of the alleged violation. To date, over six (6) months have passed since the filing of the complaint.  On or about February 21, 2020, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of Discrimination.  *See* **composite Exhibit "A."**

<u>STATEMENT OF FACTS</u>

10. Defendant JLL is an American company, who provides financial and professional services specializing in real estate. The company also provides investment management services to institutional and retail investors worldwide. Defendant's headquarters is located in Chicago, Illinois, but it maintains offices throughout the United States of America, including Miami, Florida, and throughout many foreign countries.

11. Plaintiff AUGUSTO A. PADILLA  is a 59 years old male (at the time of the events). Plaintiff is an observant Jew, who recognizes and observes the Shabbat (Saturday), and all Jewish religious holidays,  and who studies the Torah on a regular and structured basis.

12. Defendant JLL employed AUGUSTO A. PADILLA from approximately May 18, 2018, to August 23, 2019, or 1 year plus 5 months (66 weeks). Plaintiff was hired at Defendant's headquarters in Chicago, IL.

13. At the time of his hiring Plaintiff was asked about his availability for shift scheduling purposes.  He responded by indicating that he was "fully flexible" to work full time any day, but he could not work on Shabbat, Plaintiff explained in detail his sincere Jewish religious beliefs,  about the strict observance of the Shabbat, and the biblical requirement that all work cease at sundown on Fridays until sundown on Saturdays. Plaintiff stated that in exchange he was willing to work every Sunday.

14. At the time of his hiring, Plaintiff also explained that he could not work nightshifts because he was not able to sleep during the day and sleep deprivation affected him severely.

15. Plaintiff made it clear that if he had to work on Saturdays or nightshifts, then he would not be able to work for JLL. The Defendant's Recruiter and Defendant's H.R Coordinator assured Plaintiff that his special requirements would not be a problem and he would not be scheduled to work on Saturdays or nightshifts.

16. Defendant agreed to provide the required religious accommodations and day shifts, and hired the Plaintiff as a full-time Control System Lead (CSL), with a wage rate of approximately $38.44 an hour. Plaintiff was assigned to work at the Amazon Distribution Center located at 14000 NW 37 Avenue, Opa Locka, FL 33054.

17. At Amazon Distribution Center there were two shifts: in the "Front Half Shift", employees worked Sunday through Wednesday; and in the "Back Half Shift" employees worked from Wednesday through Saturday.

18. According to his request for religious accommodations, the Plaintiff was scheduled to work "Front Half Shifts" from Sundays through Wednesdays. With slight variations, Plaintiff worked every day within the timeframe of 7:00 AM to 7:30 PM.

19. Throughout his employment with the Defendant, the Plaintiff performed his duties in an exemplary fashion. The Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed his duties without significant issue or controversy. Plaintiff enjoyed his work and he was very appreciative of his employment with Defendant because his job did not interfere with his sincere religious beliefs customs and practices.

20. However, during his time of employment with the Defendant JLL, Plaintiff suffered discrimination harassment and retaliation on the basis of Religion.

21. Everything was perfect for the Plaintiff for many months, while he maintained the schedule which allowed him to adhere to his religious practices and beliefs.

22. However, on or about March 2019, Plaintiff was notified that there would be some changes in the shifts. Plaintiff contacted his supervisor, Maintenance Manager Franklin Valdivez, immediately.  Franklin Valdivez was the person who produced the schedules for employees working at Amazon Distribution Center in Opa Loka, FL.

23. On that opportunity, Plaintiff reminded Franklin Valdivez that he was an observant Jewish, that he could not work on Saturdays because he observed the Shabbat. In addition, Plaintiff reminded his manager that he had current religious accommodations on place. Franklin Valdivez told Plaintiff that he was on notice of his religious accommodations, and assured Plaintiff that he would maintain Plaintiff's day shifts with weekends off.

24. Furthermore, on that date, March 2019, Franklin Valdivez and Plaintiff worked out together in the new schedule for the Plaintiff. This new schedule would maintain Plaintiff working from Sundays to Wednesdays. As per Plaintiff's new schedule, he would work Sundays, Mondays, Tuesdays, and Wednesdays from 4:00 AM to 1:30 PM (38 hours weekly).

25. After this conversation, Plaintiff continued working his regular shift with great peace of mind, knowing that he would enjoy his religious accommodation, as usual. Plaintiff was confident thinking that he even had his new schedule assigned.

26. On or about May 22, 2019 Maintenance Manager Eric Mitchell officially announced the upcoming shift changes. Manager Eric Mitchell also explained that the new changes would be in effect July 01, 2019. Eric Mitchell also invited technicians to discuss with their managers any problem arising out of these changes.

27. Plaintiff did not voice any concern, because he trusted Franklin Valdivez, and he relied on the fact that he already had a convenient schedule waiting for him.

28. On or about June 24, 2019, to Plaintiff's surprise, Franklin Valdivez informed all the technicians about the new and permanent schedules. Plaintiff learned that he had been assigned the Back Half Middle Shift, from Wednesdays through Saturdays, from 1:00 PM to 11:30 PM. In consternation, Plaintiff talked to Franklin Valdivez and reminded him about his religious accommodations and the schedule that he had previously agreed to and promised to him. Franklin Valdivez answered Plaintiff that the new schedules would not change and if he wanted Saturdays off, then the had to work night shifts. In addition, Franklin Valdivez requested Plaintiff a letter from his synagogue. This petition gave Plaintiff expectations that his conflicting schedule would be fixed.

29. On the evening of Monday, June 24, 2019, Plaintiff had his Torah classes, he went to his synagogue and he was able to get the letter the same day.

30. The next day, in hope of resolving his problem, Plaintiff hurried to deliver the letter to Franklin Valdivez, Unfortunately, Franklin Valdivez did not pay any attention to the letter and he did not answer anything. Later, Franklin Valdivez told Plaintiff that he could not do anything, that Plaintiff had to work on Saturdays.

31. On June 25, 2019, Plaintiff in desperation and big disappointment complained to Human Relations Advisor, Sandra Ramos. Plaintiff was trying to resolve the conflict,

he reminded her about his current religious accommodations and that he was an observant of the Jewish religion. Plaintiff attached the letter from his synagogue.

32. Trying to get a solution in his e-mail, Plaintiff even suggested a substitution of shifts with a colleague who had been working the night shift regularly, but Defendant unreasonably denied the substitution.

33. H.R. Advisor, Sandra Ramos denied Plaintiff's request for reasonable religious accommodations, she ignored Plaintiff's previous accommodations established for Plaintiff and she just confirmed Plaintiff's new schedule, effective June 30, 2019.

34. Plaintiff began to work his newly assigned shift (Back Half middle shift, Wednesdays through Saturdays, from 1:00 PM to 11:30 PM)  which prevented him from the observance of the Shabbat.

35. Plaintiff tried diligently to keep his employment and at the same time to obey the mandates of his Religion. Plaintiff worked on Fridays. However, beginning July 6, 2019, he began to request his available personal time off, or PTO, for Saturdays in order to observe the Shabbat, at least partially.

36. Plaintiff continued his efforts to get his original religious accommodations reinstated.

37. On July 6, 2019, Plaintiff e-mailed Regional Manager John Blasdell. Plaintiff informed John Blasdell about the conflict he was suffering. Plaintiff attached copy of the synagogue's letter and copy of all communications held with Franklin Valdivez and Sandra Ramos. Plaintiff asked for help, he requested religious accommodations. Plaintiff suggested as an alternative, a change of position, or to be transferred to another location within the organization, the Plaintiff was willing to work in any position that

would eliminate the conflict.  Nevertheless, Regional Manager John Blasdell never answered to Plaintiff.

38. On July 31, 2019, Plaintiff e-mailed Human Relations at the Company Headquarters. Plaintiff explained his ordeal, he complained about the denial of religious accommodations. Again, nobody answered to Plaintiff, Defendant did not provide the Plaintiff any form of relief.

39. Plaintiff complained about Religious discrimination and the denial of religious accommodations. These complaints constituted protected activity under State and Federal Law.

40. After each complaint, Plaintiff suffered increased harassment and retaliation.

41. Since the first day he applied for employment with Defendant, Plaintiff explained in detail the religious nature of his beliefs and practices, and he stated that the strict observance of the Shabbat was the sine qua non of his faith.

42. In every communication,  the Plaintiff made the Defendant aware that he was requesting accommodations due to a conflict between his religious beliefs and practices and his newly assigned work schedule.

43. However, Defendant ignored completely the Plaintiff's needs for religious accommodations and without justification denied the requested relief.

44. Defendant unnecessarily imposed undue hardship on Plaintiff by requiring him to work the night shift in order to keep Saturdays off, leaving as the only alternative working from Wednesdays to Saturdays, which prevented him to observe the Shabbat. The shift change offered to Plaintiff was not reasonable and was no accommodation at all.

45. Despite Plaintiff's established religious accommodations at hiring, and his subsequent petitions for a schedule that would allow him to observe the Shabbat, Defendant refused to accommodate Plaintiff's sincere religious practices and he was scheduled to work every Friday and Saturday. Plaintiff was forced to choose between his livelihood and his faith.

46. Immediately after the Plaintiff requested PTOs to attend religious services on Saturdays, he began to suffer harassment based on Religion.

47. H.R. Sandra Ramos and Maintenance Manager Franklin Valdivez harassed Plaintiff by denying the required PTOs, admonishing him for his failure to comply with the conflicting schedule.

48. Plaintiff requested PTOs on July 6, and July 13, 2019. Plaintiff had some relief From July 17 to July 27, 2019, because he took vacations. Upon his return, Plaintiff was forced to request PTOs on August 03, August 09, August 14, and August 17, 2019.

49. Every time, with every request for PTO, the Plaintiff repeated his petition for reasonable accommodations, which means that in every petition Plaintiff engaged in protected activity under federal and state law.

50. Every time, Defendant explicitly and implicitly coerced Plaintiff to abandon his religious practices not only by denying him PTOs or reasonable religious accommodations, but also by retaliating against Plaintiff.

51. H.R. Sandra Ramos and Franklin Valdivez retaliated against Plaintiff due to his continued engagement in protected activity. After each communication, Plaintiff received just threats, hostility, and he was subjected to discrimination and harassment on basis his Religion.

52. Upon returning from his vacation, Plaintiff was subjected to increased surveillance and job scrutiny, looking for a reason to fire him. Plaintiff was subjected to different terms and conditions of employment because he was denied the necessary equipment to perform his duties efficiently. Plaintiff was unfairly admonished, and written up for his failure to comply with the conflicting schedule.

53. Plaintiff found himself ostracized and isolated at his workplace, his co-workers avoided him, they did not want any normal association with Plaintiff because he was profiled as a troubled employee and a good candidate for termination.

54. The harassment perpetrated by H.R. Sandra Ramos and Maintenance Manager Franklin Valdivez because of Plaintiff's Religion was so severe and pervasive, that Plaintiff felt singled out and segregated, and he perceived his work environment to be hostile, intimidating,  and abusive.

55. Plaintiff was feeling under heavy stress, and every day he would show up to work, thinking that at any moment Defendant would terminate his employment.

56. Finally, on or about Friday, August 23, 2019 around 6:00 PM, Plaintiff was summoned to meet H.R. Sandra Ramos and Maintenance Manager Franklin Valdivez. During the meeting Plaintiff was informed that his PTO for Saturday August 24, 2019, was not approved and that if he failed to work the next day August 24, 2019, he would be terminated. Plaintiff was presented with a Final Warning that he refused to sign because it contained erroneous assertions. Plaintiff made a last attempt to get the required reasonable accommodations and told them that he could not work on Saturdays, however Sandra Ramos and Maintenance Manager Franklin Valdivez kept silent, and they refused to continue the dialogue. Next, Plaintiff asked them if he could finish his

shift, and Franklin Valdivez responded by saying "It is Ok". ***See composite Exhibit "B".***

57. After the meeting, Plaintiff returned to work, but he was emotionally perturbed, disappointed, humiliated and felt sick. Plaintiff was overwhelmed with the responsibility of having to choose between serving his God or keeping his job.

58. On the same evening, August 23, 2019, around 10:00 PM Plaintiff asked Franklin Valdivez if he could leave earlier, Franklin Valdivez authorized.

59. Nevertheless at 10:30 PM, when Plaintiff was about to leave, Operation Manager Alberto Pico and another employee (Leonardo LNU (CSS)), seized Plaintiff's personal belongings and escorted him out of the premises. At the exit security point, Operations Manager Alberto Pico confiscated Plaintiff's ID badges and told Plaintiff that from then on, he was prohibited to return to the workplace. At that moment Franklin Valdivez had disappeared.

60. After Plaintiff's termination Human Relations Advisor, Sandra Ramos engaged in active communication with Plaintiff with the obvious purpose of disguising the wrongful termination, as Plaintiff's abandonment of employment.

61. Therefore, on or about August 23, 2019, Plaintiff AUGUSTO A. PADILLA was terminated, and the Defendant's termination of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination and harassment against Plaintiff because of his Religion, and retaliation for his attempts to get reasonable religious accommodations. The Defendant's unjustified refusal to accommodate and retaliatory actions were in violation of both federal and state laws.

62. Because of the actions of the Defendant, Plaintiff has been damaged.  In that, Plaintiff has suffered serious economic losses, lost wages, mental pain, and emotional distress.

63. The actions of the Defendant JLL and or its agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

64. Defendant JLL is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which the Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

<u>**COUNT I:**</u>
<u>**VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:**</u>
<u>**DISCRIMINATION and HARASSMENT BASED ON RELIGION**</u>

65. Plaintiff AUGUSTO A. PADILLA re-adopts each and every factual allegation as stated in paragraphs 1-64 above as if set out in full herein.

66. At all times material hereto, the Employer/Defendant JLL failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Religion, or National Origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's Race, Color, Religion, Religion, or National Origin."

67. The discrimination of the Plaintiff by Defendant JLL was caused by Defendant being aware of Plaintiff's Religion.

68. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Religion.

69. At all relevant times aforementioned, including the time of discrimination, Defendant JLL was aware that Plaintiff practiced the Jewish Religion.

70. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.

71. The Plaintiff was qualified for the position apart from his Religion.

72. The Plaintiff was discriminated against by Defendant because Plaintiff practiced the Jewish Religion and he needed religious accommodations.

73. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

74. The failure of Defendant JLL to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

75. Defendant JLL, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his religion in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

76. Plaintiff AUGUSTO A. PADILLA was wrongfully discharged by the Defendant JLL, and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Religion.

77. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

78. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant JLL  is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Religion, and requests for reasonable religious accommodations.

79. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Religion. Discrimination on the basis of Religion constitutes unlawful discrimination.

80. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff AUGUSTO A. PADILLA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant JLL, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of Religion.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant JLL to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other

remuneration for mental suffering, anguish, pain, and humiliation resulting from the employment discrimination suffered.

E. Award a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages,

G. Award attorney's fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff AUGUSTO A. PADILLA demands a trial by jury on all issues triable as of right by a jury.

## **COUNT II:**
## **VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964:**
## **RETALIATION; WRONGFUL DISCHARGE**

81. Plaintiff AUGUSTO A. PADILLA re-adopts each and every factual allegation as stated in paragraphs 1-64 above as if set out in full herein.

82. At all times material hereto, the Employer/Defendant JLL failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

83. Defendant, JLL is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

84. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

85. Plaintiff was observant and practiced the Jewish Religion. Since the time he applied for employment with Defendant, Plaintiff requested special accommodations, specifically the Plaintiff requested a working schedule with weekends off that would enable him to keep the Shabbat as condition to accept employment. Defendant agreed to Plaintiff's requirement and hired him to work as a full-time technician or Control System Lead (CSL), with a wage rate of approximately $38.44 an hour. Plaintiff was assigned to work at the Amazon Distribution Center located at 14000 NW 37 Avenue, Opa Locka, FL 33054.

86. After working approximately 9 months with the originally established religious accommodations, the Plaintiff was forced to abandon his religious practice of keeping the Shabbat, by scheduling him to work Fridays and Saturdays.

87. Plaintiff complained about religious discrimination and harassment on multiple occasions and requested religious accommodations.  Plaintiff notified his supervisor, managers, and every person in managerial position the discrimination and harassment he was suffering, but Defendant did not take any action to fix the problem.

88. Defendant JLL through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff AUGUSTO A. PADILLA on account of Plaintiff's complaints of discrimination and harassment, on basis of his Religion.

89. After each complaint and request for religious accommodations, Plaintiff suffered increased retaliation and harassment.

90. The Defendant acted in bad faith harassed and created for the Plaintiff a hostile working environment which resulted in adverse employment actions and finally his termination.

91. On or about August 23, 2019, Plaintiff was discharged by the Defendant. Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his constant complaints and multiple requests for religious accommodations. Plaintiff was terminated due to his complaints about discrimination and harassment on basis of his Religion, in violation of the Federal law. **See Composite Exhibit "B".**

92. Plaintiff's protected activity requesting religious accommodations resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of his employment.

93. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff AUGUSTO A. PADILLA suffered serious economic losses as well as mental pain and suffering.

94. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment on the basis of his Religion.

95. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Religion and retaliation due to their complaints of unlawful discrimination. Retaliation on the basis of having engaged in a protected activity constitutes unlawful retaliation in violation of Title VII.

96. As a result of the retaliation, Plaintiff AUGUSTO A. PADILLA has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

97. Defendant JLL is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

98. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff AUGUSTO A. PADILLA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant JLL to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation due to the Discrimination of Plaintiff and due to the retaliatory discharge;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law including compensatory damages, punitive damages, and attorneys' fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff AUGUSTO A. PADILLA demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT III:</u>**
**<u>VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992</u>**
**<u>CHAPTER 760, FLORIDA STATUTES;</u>**
**<u>DISCRIMINATION BASED ON RELIGION</u>**

99. Plaintiff AUGUSTO A. PADILLA re-adopts each and every factual allegation as stated in paragraphs 1-64 and above as if set out in full herein.

100.  At all times material hereto, the Employer/Defendant JLL failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10 (1) (b)] which states,

101.  *"It is unlawful to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status"*

102.  The Discrimination of Plaintiff AUGUSTO A. PADILLA by Defendant JLL was caused by Defendant being aware of Plaintiff's Religion.

103.  Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Religion.

104.  At all relevant times aforementioned, including the time of discrimination, Defendant JLL was aware that Plaintiff practiced the Jewish Religion.

105.  At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.

106.    The Plaintiff was qualified for the position apart from his Religion.

107.    The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

108.    The failure of Defendant JLL to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

109.    Defendant JLL through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff AUGUSTO A. PADILLA on account of his Religion in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

110.    Plaintiff was discharged by the Defendant JLL, and Plaintiff's discharge from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of his Religion.

111.    As a direct and proximate result of the Defendant's intentional conduct, Plaintiff AUGUSTO A. PADILLA suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

112.    Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant JLL, is a mere pretext for the actual reasons for his termination from employment, Plaintiff's Religion, and complaints related to the unlawful acts of discrimination and harassment.

113.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Religion. Discrimination on the basis of Religion constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

114.    Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff AUGUSTO A. PADILLA respectfully requests that this court order the following:

A.  Grant a permanent injunction enjoining Defendant JLL its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of Religion;

B.  Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

C.  Reinstate full fringe benefits and seniority rights to Plaintiff;

D.  Order Defendant JLL to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental suffering, anguish, pain, and humiliation;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law including punitive damages, attorney's fees (Fla. Stat. § 448.104), and further demands a trial by jury on all issues so triable.


<u>JURY TRIAL DEMAND</u>

Plaintiff AUGUSTO A. PADILLA demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT IV:</u>**
**<u>VIOLATION OF FLORIDA CIVIL RIGHTS ACT, CHAPTER 760,</u>**
**<u>FLORIDA STATUTES;  WRONGFUL TERMINATION</u>**

115.    Plaintiff AUGUSTO A. PADILLA re-adopts each and every factual allegation as stated in paragraphs 1-64 of this Complaint as if set out in full herein.

116.    This is an action against Defendant AUGUSTO A. PADILLA for unlawful Retaliation under the Florida Civil Rights Act, Chapter 760, FL Statutes, and (FCRA).

117.    The FCRA contains an anti-Retaliation provision, forbidding employers from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under the Act.

118.    The FCRA, *Fla. Stat. Section 760.10,* (1) reads in applicable part, as follows:

119.    *"It is an unlawful employment practice for an employer:(a)   To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status".*

120.    Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of his Religion, and because of his participation in protected activities within the meaning of the Florida Civil Rights Act.

121.    Plaintiff AUGUSTO A. PADILLA while working for Defendant JLL was subjected to discrimination and harassment on the basis of his Religion.

122.    After working approximately 9 months with the established religious accommodations, the Plaintiff was forced to abandon his religious practice of keeping the Shabbat, by scheduling him to work Fridays and Saturdays.

123.    Plaintiff complained about religious discrimination and harassment on multiple occasions and requested reasonable religious accommodations.  Plaintiff notified his supervisor, managers, and every person in managerial position about the discrimination

and harassment he was suffering, but Defendant did not take any action to fix the problem.

124.    Defendant JLL through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, retaliated against Plaintiff AUGUSTO A. PADILLA on account of Plaintiff's complaints of discrimination and harassment, on basis of his Religion.

125.    After each complaint and request for religious accommodations, Plaintiff suffered increased retaliation and harassment.

126.    The Defendant acted in bad faith, harassed and created for Plaintiff a hostile working environment which resulted in adverse employment actions and finally his termination.

127.    On or about August 23, 2019, Plaintiff was discharged by the Defendant. Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff. Plaintiff was terminated because of his multiple requests for religious accommodations, and due to his complaints about discrimination and harassment on basis of his Religion, in violation of the FCRA, *Fla. Stat. Section 760.10, (1) (a).* **See Composite Exhibit "B".**

128.    Plaintiff's protected activity requesting religious accommodations resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of his employment.

129.    Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment on the basis of his Religion.

130.    Defendant JLL'S acts, through its agents, were done with malice and reckless disregard for Plaintiff's State protected civil rights.

131.    Defendant JLL is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

132.    As a direct and proximate result of the actions and omissions of Defendant Plaintiff, AUGUSTO A. PADILLA has suffered serious monetary losses, emotional distress, embarrassment and humiliation, and other losses including a violation of his statutory rights.

133.    Plaintiff has no plain, adequate, or complete remedy at law.  Plaintiff is still suffering and will continue to suffer, irreparable injury in the form of psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

134.    Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff AUGUSTO A. PADILLA respectfully requests that this Court order the following;

A. Grant a permanent injunction enjoining Defendant JLL its officers, successors, assigns and all persons in active concert or participation with it, from engaging in further

discriminatory and retaliatory practice in violation of The FCRA, Fla. Stat. Section 760.10, (7);

B.   Award Plaintiff a judgment against the Defendant JLL for compensatory damages as determined by the Trier of fact;

C.   Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D.   Enter Judgment for Punitive damages against Defendant JLL;

E.   Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff AUGUSTO A. PADILLA demands a trial by jury on all issues triable as of right by a jury.

Dated:  May 13, 2020

Respectfully submitted,

By:  /s/ Zandro E. Palma
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.

Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*